An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR SANDOVAL,
Appellant,
vs.
STATE OF NEVADA EX REL. NEVADA
DEPARTMENT OF CORRECTIONS,
Respondent.

No. 65447

**FILED**

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order of dismissal. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Victor Sandoval filed a complaint asserting that respondent violated his constitutional and civil rights in connection with an incident in which he was injured by gunshots fired by guards during a prison fight. The district court dismissed his complaint, ruling that claim preclusion barred his claims because he had filed a 2013 complaint based on the same incident and summary judgment was entered in favor of respondent on the prior complaint. This appeal followed.

Sandoval argues that the district court erred in dismissing his complaint on claim-preclusion grounds because it did not reach a final judgment on the state-law causes of action when it granted summary judgment against his prior complaint. This court reviews de novo an order granting a motion to dismiss under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Claim preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27584

the first case." *Weddell v. Sharp*, 131 Nev., Adv. Op. 28, 350 P.3d 80, 85 (2015). The record reveals that the parties to this suit were parties to Sandoval's prior suit. Sandoval concedes that there was a final judgment in the prior suit, as the district court granted summary judgment. Sandoval also concedes that this suit arises out of the same September 15, 2011, incident as his prior suit. Sandoval could have raised these tort claims in the first suit. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev., Adv. Op. 28, 321 P.3d 912, 915 (2014) ("[A]ll claims based on the same facts and alleged wrongful conduct that were or could have been brought in the first proceeding are subject to claim preclusion." (internal quotation marks omitted)). Sandoval argues that there was no final judgment on his state law claims; however, claim preclusion does not require that each claim is "actually and necessarily litigated," only that they arose from the same facts and could have been brought initially. *Five Star Capital Corp.*, 124 Nev. at 1054-55, 194 P.3d at 713. Thus, we conclude that claim preclusion properly applies to Sandoval's claims and that the district court did not err. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. James E. Wilson, District Judge
    Victor Sandoval
    Attorney General/Carson City
    Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A